## Commonwealth ex rel. v. Ashe, Warden

*William T. Kinsella*, petitioner, p. p.

*H. S. Woodward*, Special Deputy Attorney General, and *Claude T. Reno*, Attorney General, contra.

HARGEST, P. J., January 23, 1940.—This matter comes before us upon an unusual application.

William T. Kinsella presented to this court his petition for a mandamus against the Board of Trustees of the Western Penitentiary. On December 21, 1939, an alternative writ was granted and argument thereon fixed for February 7, 1940. There is no dispute as to the facts.

Petitioner was sentenced in the court of Allegheny County on five indictments to undergo imprisonment of not less than one nor more than two years on the first indictment, and on the other four indictments to undergo imprisonment for not less than two nor more than four years each, the sentence specifically stating on each indictment that it was to begin and take effect at the expiration of the sentence on the preceding indictment, which made a total sentence of 9 to 18 years. He was released on parole December 14, 1931. In March, 1932, he was declared a parole delinquent. On September 25, 1933, he was convicted in the Federal court at Cleveland, Ohio, and, after serving the sentence there imposed, was returned to the Western Penitentiary June 1, 1937, as a parole violator and so adjudged by the board of trustees on June 8, 1937, and recommitted by the mandate of the Governor June 16, 1937. On August 11, 1939, he addressed a communication to the Parole Director of the Western Penitentiary requesting forms to fill out an application and that he be given an opportunity to appear before the board of trustees to apply for his release under the Act of June 19, 1911, P. L. 1055. This was refused on the ground that "in the opinion of the board you are not eligible to apply for parole at this time." He then presented to this court his petition for mandamus, and this court, being of opinion that there should be a careful consideration of the legal question which he raises, in the light of the decision of President Judge Keller of the Superior Court, in the case of Narcise v. Board of Trustees, Eastern State Penitentiary, 137 Pa. Superior Ct. 394, granted an alternative writ of mandamus. He now presents the present petition for a writ of habeas corpus ad testificandum, so that he may be brought from the Western Penitentiary into this court at the time the case is to be argued.

This is not only a novel proposition, but a serious and dangerous precedent would be involved. In the first place, there is no testimony to be taken. There is no dispute of

facts. All that is required is to determine the legal question raised on the petition for mandamus. Therefore, his presence to testify is not necessary to protect his rights. The whole matter is a question of law upon facts set out in his own petition which are not denied. It is true that in every criminal case a defendant has a right to appear in person and confront his accusers, but that principle does not extend to a situation in an ordinary criminal case where there is merely a legal question involving the length of imprisonment, after conviction and sentence. A defendant always has the right to appear by counsel, but there is neither law nor precedent, except in murder cases, that would require his personal appearance in court when merely questions of law are to be argued.

Secondly, it would be a dangerous precedent if any prisoner in a penitentiary might on his own petition for a habeas corpus be brought to any part of the State to hear his own case presented to the court on legal questions. He has a perfect right, either in person or by counsel, to present any written or printed argument.

This petitioner has presented, as he says, "In propria-persona" his petition for mandamus. In his letter transmitting that petition he said he was not "being represented by counsel". Not only the petition for mandamus, but the present petition for habeas corpus, is in exceptionally good form. Petitioner has not only set out the facts, but also referred to the case upon which he relies, and is apparently quite capable of presenting to the court a written or printed argument to sustain his legal contention, so that he will not be deprived of any constitutional right guaranteed to him.

For these reasons the petition for habeas corpus ad testificandum directed to the Warden of the Western Penitentiary is hereby refused.